23-1257-cv
*Karupaiyan v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-four.

Present:

> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
>       *Circuit Judges*.

---

PALANI KARUPAIYAN,

> *Plaintiff-Appellant*,

v.                                                                              23-1257-cv

STATE OF NEW YORK, CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT (NYPD), JOHN DOES POLICE OFFICERS OF NYPD, FREDRICK DSOUZA, PRAVIN PANDEY, RAJA PANDEY, ADAR MANAGEMENT CORP.,

> *Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | Palani Karupaiyan, *pro se*, Philadelphia, PA |
| For Defendants-Appellees: | No appearance |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** for further action consistent with this order.

Plaintiff-Appellant Palani Karupaiyan, *pro se*, sued the State and City of New York, the New York City Police Department ("NYPD"), unnamed NYPD officers, three private individuals, and a real estate company under various federal and state causes of action. Karupaiyan's allegations stem from several disagreements and altercations with his co-tenants and his apartment's management company, as well as purported discrimination by New York City police officers who allegedly responded to his residence and arrested him after one of his co-tenants called 911 after an altercation. After granting Karupaiyan *in forma pauperis* status, the district court dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim but permitted him leave to amend. *See Karupaiyan v. New York*, No. 23-CV-5424 (AMD) (LB), 2023 WL 9020011 (E.D.N.Y. Sept. 8, 2023). Instead of amending, Karupaiyan appealed.[1] We assume the parties' familiarity with the case.

I.      **Forfeiture of Issues on Appeal**

While we liberally construe *pro se* filings to raise the strongest arguments they suggest, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), *pro se* appellants must still clearly state the issues on appeal in their briefs, *see Moates v. Barkley*, 147 F.3d 207, 209 (2d

---

[1] Because the time to amend has long since run despite multiple extensions, the dismissal without prejudice has ripened into a final and appealable order over which we may exercise jurisdiction. *See* 28 U.S.C. § 1291; *Salmon v. Blesser*, 802 F.3d 249, 252 n.2 (2d Cir. 2015).

Cir. 1998). We normally do not decide issues that are not briefed. *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se* . . . .").[2] Nor will we decide issues that a *pro se* appellant briefs only "in passing." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

Karupaiyan's brief largely fails to address the substance of the district court's decision dismissing his complaint. The only substantive grounds his brief could be read to raise are that Defendant-Appellee Fredrick Dsouza filed a "false charge" against him and that his alleged arrest was discriminatory, which can be read to challenge the dismissal of his false arrest and malicious prosecution claims under 42 U.S.C. § 1983. We accordingly conclude that he has forfeited all other issues.

## II. *Sua Sponte* Dismissal

Karupaiyan appears to challenge the district court's *sua sponte* dismissal of his complaint under § 1915(e)(2)(B). While we have cautioned against *sua sponte* dismissals without notice and opportunity to be heard in certain contexts, *see Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82–83 (2d Cir. 2018), the district court granted Karupaiyan leave to amend his complaint to fix the defects identified, but he did not take advantage of the offer. We discern no error in the *sua sponte* dismissal under these circumstances.

## III. Merits

We review *de novo* Karupaiyan's challenge to the dismissal of his false arrest and malicious prosecution claims arising out of his alleged arrest. *McEachin v. McGuinnis*, 357 F.3d

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

197, 200 (2d Cir. 2004). We conclude that he failed to state a claim for false arrest under 42 U.S.C. § 1983 against Fredrick Dsouza and Pravin Pandey because they are private citizens and did not act under color of state law. A private individual becomes a state actor for the purposes of § 1983 only when (1) the state compelled the conduct, (2) the private party acted jointly with a state, or (3) the private party fulfilled a role that is traditionally a public state function. *See Sybalski v. Indep. Group Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). Filing a complaint with the police does not fit within any of these categories. *See Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) (holding that "mere invocation" of state legal procedures does not amount to state action under § 1983).

Karupaiyan also fails to plead a false arrest or malicious prosecution claim under § 1983 against NYPD officers or the City of New York, as he does not allege any facts showing that the officers lacked probable cause for the arrest, *see Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) ("Probable cause to arrest is a complete defense to an action for false arrest."), or that the criminal proceedings terminated in his favor, *see Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (requiring a plaintiff to plead "termination of the proceeding in [his] favor").

The remainder of Karupaiyan's brief seeks various remedies that are not related to any of the claims he raised below—for example, he seeks an order reorganizing the New York State Unified Court System. He points to no authority that would permit such relief, even assuming he had a meritorious claim.

## IV. Prejudice

Although Karupaiyan's claims against the State of New York fail, the district court erred by dismissing them with prejudice. The district court correctly dismissed these claims because New York is entitled to state sovereign immunity and has not waived that immunity. *See Karupaiyan*, 2023 WL 9020011, at *2. The "constitutional principle of sovereign immunity" poses "a bar to federal jurisdiction over suits against nonconsenting States." *Alden v. Maine*, 527 U.S. 706, 730 (1999). "When subject matter jurisdiction is lacking, 'the district court lacks the power to adjudicate the merits of the case,' and accordingly 'Article III deprives federal courts of the power to dismiss the case with prejudice.'" *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016)). Therefore, because the district court lacked jurisdiction over the claims against the State of New York, it was erroneous to dismiss those claims with prejudice rather than without prejudice.

The district court likewise erred by dismissing with prejudice Karupaiyan's landlord-tenant claims—other than those under the Fair Housing Act or 42 U.S.C. § 1981—pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Karupaiyan*, 2023 WL 9020011, at *5. Because Rule 12(h)(3) provides for dismissal for lack of subject matter jurisdiction, such a dismissal must be without prejudice. *See Green*, 16 F.4th at 1074. We therefore remand with instructions for the district court to modify its judgment to dismiss these claims without prejudice. *See Russo v. United States*, No. 22-1869, 2024 WL 726884, at *2 (2d Cir. Feb. 22, 2024).

\* \* \*

We have considered Karupaiyan's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court in part, **VACATE** the judgment

insofar as the district court dismissed with prejudice claims over which it lacked subject matter jurisdiction, and **REMAND** for the district court to amend its judgment to dismiss these claims without prejudice.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk